IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:14-CR-142 |
| v. | ) | |
| | ) | |
| NATOSHA NICOLE COOPER, | ) | (VARLAN / GUYTON) |
| | ) | |
| Defendant. | ) | |

## ORDER OF REVOCATION OF PRETRIAL RELEASE
## AND ORDER OF DETENTION

The above-named defendant, Natosha Nicole Cooper ("Cooper") appeared before the undersigned on March 23, 2015, for a hearing on a Petition for Action on Conditions of Pretrial Release ("the Petition") [Doc. 28]. Assistant United States Attorney Jennifer Kolman was present representing the government. Attorney Joshua Hedrick was present representing the defendant. The government moved for detention, and the defendant requested a hearing.

The defendant Cooper was placed on pretrial release on November 25, 2014, pursuant to an Order [Doc. 9] of this Court. The defendant's release was subject to certain conditions, including but not limited to, the following: that she not violate any federal, state or local law; that she refrain from any use or unlawful possession of a narcotic drug or other controlled substances, unless prescribed by a licensed medical practitioner; and that she advise the court or the pretrial services officer or supervising officer in writing before making any change of residence [Doc. 9].

In the Petition, United States Probation Officer Melissa Haduck ("Haduck") states that Cooper, on March 2, 2015, was arrested by the Knox County Sheriff's Office for possession of a

large quantity of crystal methamphetamine, packaged in multiple baggies, along with digital scales, and eight Suboxone strips. Cooper was charged with being in possession of these items at a residence with the address of 338 Oglewood Avenue, Knoxville. Haduck states in the Petition that Cooper relocated to this residence in February, 2015, but did not report this change in her residence as required by her bond conditions [Doc. 28].

At the hearing, the Government proffered the following evidence in support of the allegations in the Petition: that Cooper moved into the residence at 338 Oglewood Avenue on February 27, 2015; that her husband lived there with her; that Cooper did not report this change of address; that a state court search warrant was served on Cooper's residence early on March 2, 2015; that Cooper was there when the search warrant was executed, and she had been there overnight; that officers found 2 ½ pounds of crystal methamphetamine in plain view, some being on the bedside table; that $12,000 in cash was in plain view; that children were in the home; and that Cooper admitted to officers that she knew illegal drug trafficking was occurring on the premises of the residence.

The Defendant proffered the following: that the search warrant in question contained no allegations related to Cooper; that even though Cooper's name is "on the house" at 338 Oglewood Avenue, she "stays" at her mother's house "a majority of the time"; that although she was present in an area of the house with the illegal drugs, only her husband was engaged in trafficking, and she was a bystander.

Special Agent Meredith Louden, I.R.S., ("Louden") testified at the hearing. According to Louden, Cooper recently told Louden that Cooper and her husband were in the process of getting a house together.

The Defendant Cooper asks to remain on bond with the new condition that she have no contact with her husband. The Government argues that Cooper's charged drug offense and her unannounced change of residence, coming after she has entered a guilty plea, establishes that she can not be trusted to abide by conditions of release.

The Court finds that Cooper knowingly and intentionally violated the conditions of her release regarding unlawful possession of drugs and failure to notify as to a change of residence. These are serious violations. The Court finds, by clear and convincing evidence, that Cooper poses a serious risk of danger to the community, and that no condition or combination of conditions will reasonably assure the safety of the community if the defendant were to remain on bond. The possession and trafficking of methamphetamine are inherently dangerous. See United States v. Hernandez, 2002 WL 1377911 (E.D.TN, Edgar). See United States v. Williams, 753 F.2d 329, 335 (4th Cir. 1985).

Accordingly, the Order Setting Conditions of Release [Doc. 9] is hereby **REVOKED** and the defendant is remanded to federal custody pending further proceedings in this case.

**IT IS SO ORDERED.**

ENTER:

_Bruce Guyton_
United States Magistrate Judge